IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>vs.<br>AMOS ESTES HEARD,<br>    Defendant. | No. 4:16-cr-00102-JEG-CFB-1<br><br>O R D E R |

Before the Court is a pro se motion filed by Defendant Amos Estes Heard, ECF No. 36, pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking modification of his sentence. Defendant was sentenced by this Court on March 2, 2017, to a term of 94 months imprisonment to be followed by a term of 3 years supervised release. Defendant requests early release from his term of imprisonment due to COVID-19.

Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115391, 132 Stat. 5194 (2018), authorizes the Court to modify a sentence based on a finding that extraordinary and compelling reasons warrant the reduction. Relief under § 3582(c)(1)(A) is discretionary. See United States v. Rodd, 966 F.3d 740, 747 (8th Cir. 2020). To bring a motion in federal court under § 3582(c)(1)(A) requires that "the defendant has fully exhausted all administrative rights" with the Bureau of Prisons (BOP). § 3582(c)(1)(A).

To satisfy this exhaustion requirement, a defendant must first submit a request to BOP and either (1) if BOP denies the request, the defendant must complete the administrative appeal process;[1] or (2) wait thirty days from BOP's receipt of the request, at which time the BOP's lack

---

[1] Some courts have held "§ 3582(c)(1)(A) does not contain an exhaustion requirement in the traditional sense. That is, the statute does not necessarily require the moving defendant to fully litigate his claim before the agency (i.e., the BOP) before bringing his petition to court. Rather, it requires the defendant either to exhaust administrative remedies or simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court." United States v. Haney, No. 19-cr-541, 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020). "District courts are split" on whether an inmate must fully exhaust administrative remedies if the

of response is deemed a denial of the request. Id.; see also Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), ¶ 9 (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf ("Under 18 USC 3582 (c) (1), an inmate may file a request for a reduction in sentence with the sentencing court after receiving a BP-11 response under subparagraph (a), the denial from the General Counsel under subparagraph (d), or the lapse of 30 days from the receipt of such a request by the Warden of the inmate's facility, whichever is earlier.").

"Courts are split on whether a district court may waive the exhaustion and 30-day requirement due to the exigent circumstances presented by COVID-19." United States v. Dickson, Case No. 19-cr-251-17, 2020 WL 1904058, at *2 (N.D. Ohio Apr. 17, 2020) (comparing courts that have waived the exhaustion requirement due to COVID-19: United States v. Zukerman, 16 Cr. 194, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020), and United States v. Colvin, Criminal No. 19cr179, 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020), with those courts that

---

BOP denies the inmate's request within 30 days. United States v. Carter, CRIMINAL ACTION NO. 19-cr-00078, 2020 WL 3458598, at *2, n.1 (S.D. W. Va. June 25, 2020) (listing cases).
   This Court agrees with the courts that have held the

> lapse of 30 days' language within § 3582(c)(1)(A) is properly interpreted to allow a defendant to directly petition the courts for relief only where the warden has failed to address the initial compassionate release request within thirty days. If a defendant's initial request is denied within thirty days after the warden's receipt of the request, then the defendant must exhaust the administrative appeals process before petitioning the courts for relief.

United States v. Haas, Crim. No. 17-cr-00037, 2020 WL 4593206, at *4 (E.D. Ky. Aug. 7, 2020). The alternative view "leads to an implausible interpretation of the statute. Under this interpretation, a defendant would only need to wait thirty days after the warden receives their compassionate release, even where the warden responds and denies the request within that thirty-day period, before petitioning the court for relief." Id. at *3. "It is a stretch to conclude that Congress 'went so far as to render meaningless the BOP's consideration of such applications in the first instance without specific language evidencing such a Congressional intent.'" Id. (quoting United States v. Ng Lap Seng, __ F. Supp. 3d __, S5 15-CR-706, 2020 WL 2301202, at *6 (S.D.N.Y. May 8, 2020))). Although § 3582(c)(1)(A) permits district courts to consider requests for compassionate release, it does nothing to end the long-standing requirement that inmates must first exhaust their administrative remedies, so long as the BOP responds to the inmate's request within 30 days.

2

have found failure to exhaust bars the court from considering the motion: United States v. Raia, 954 F.3d 594, 597 (3d Cir. Apr. 2, 2020); United States v. Alam, __ F. Supp. 3d __, Case No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020); and United States v. Johnson, Crim. Action No. RDB-14-0441, 2020 WL 1663360, at *2 (D. Md. Apr. 3, 2020)).

The Eighth Circuit Court of Appeals has not yet considered the exhaustion requirement in the context of motions brought due to the exigent circumstances presented by COVID-19. Three other Courts of Appeals have considered the issue and have concluded the exhaustion requirement once invoked is mandatory. See United States v. Springer, __ F. App'x __, No. 20-5000, 2020 WL 3989451, at *4 (10th Cir. July 15, 2020) (affirming the district court's denial of the defendant's motion for compassionate release under § 3582(c)(1)(A), reasoning the defendant never made a request for compassionate release to the BOP and therefore failed to exhaust his administrative remedies); United States v. Alam, 960 F.3d 831, 836 (6th Cir. 2020) (holding that § 3582(c)(1)(A)'s exhaustion requirement is a claim processing rule, not a jurisdictional bar, which can be waived or forfeited, but once invoked, it must be enforced); Raia, 954 F.3d at 597 (holding that a defendant's failure to present his request to the BOP and wait 30 days for a response before filing his motion "present[ed] a glaring roadblock foreclosing compassionate release at this point").

Although the Eighth Circuit has not addressed whether the exhaustion requirement is a jurisdictional bar or a claim processing rule, it appears that courts agree, at a minimum, once failure to exhaust has been invoked, the defendant must comply with the requirement. In this case, the Government resists Defendant's motion, arguing, among other things, that Defendant failed to exhaust administrative remedies before filing this motion.

The Government acknowledges that Defendant submitted a request for compassionate release to his Warden on April 24, 2020, which the Warden denied on April 30, 2020. Defendant appealed the denial on May 5, 2020, through a "Request for an Administrative Remedy," which was denied on May 7, 2020. Defendant appealed again on May 18, 2020, through a "Regional Administrative Remedy Appeal," which was denied on June 4, 2020. The

Government states that, "According to BOP counsel, Defendant has 30 days from the date of June 4, 2020, to appeal the denial [to] the BOP's general counsel. There is no indication that Defendant has filed such an appeal." Gov.'s Resist. 4, ECF No. 38.

The regulations governing inmate requests for compassionate release state:

> (a) When an inmate's request is denied by the Warden, the inmate will receive written notice and a statement of reasons for the denial. The inmate may appeal the denial through the Administrative Remedy Procedure (28 CFR part 542, subpart B).
>
> (b) When an inmate's request for consideration under 18 U.S.C. 4205(g) or 3582(c)(1)(A) is denied by the General Counsel, the General Counsel shall provide the inmate with a written notice and statement of reasons for the denial. This denial constitutes a final administrative decision.

28 CFR § 571.63(a)-(b). The regulations further provide that a denial by the BOP general counsel or the director of the BOP constitute "a final administrative decision" that cannot be appealed. Id. at (d).

The "Administrative Remedy Procedure" regulations cited in § 571.63(a) provide:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. . . . Appeal to the General Counsel is the final administrative appeal.

28 CFR § 542.15(a).

BOP's program statement regarding the Administrative Remedy Program explains which forms inmates must use for each step of the process:

> Request for Administrative Remedy, Form BP-9 (BP-229), is appropriate for filing at the institution.
>
> Regional Administrative Remedy Appeal, Form BP-10 (BP-230), is appropriate for submitting an appeal to the regional office.
>
> Central Office Administrative Remedy Appeal, Form BP-11 (BP-231), is appropriate for submitting an appeal to the Central Office.

Program Statement No. 1330.18, Administrative Remedy Program, ¶ 8 (January 6, 2014), https://www.bop.gov/policy/progstat/1330_018.pdf.

4

As explained, BOP's program statement regarding compassionate release requests states, "Under 18 USC 3582 (c) (1), an inmate may file a request for a reduction in sentence with the sentencing court after receiving a BP-11 response under subparagraph (a), the denial from the General Counsel under subparagraph (d), or the lapse of 30 days from the receipt of such a request by the Warden of the inmate's facility, whichever is earlier." Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), ¶ 9 (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

The current record reveals that Defendant's last appeal was a "Regional Administrative Remedy Appeal." Mot.-Ex. 6; Gov's Resist.-Ex. E. The record does not show whether Defendant filed a "Central Office Administrative Remedy Appeal" on a BP-11 form. Although BOP's procedures may be byzantine, it appears from the above regulations and program statements that a Central Office Administrative Remedy Appeal is the final possible appeal in the BOP's administrative remedies program. Therefore, an inmate who does not pursue such an appeal has not "*fully* exhausted all administrative rights to appeal" the BOP's failure to move for compassionate release. § 3582(c)(1)(A) (emphasis added).

Because the BOP acted on Defendant's request within 30 days, and Defendant has failed to demonstrate he exhausted administrative remedies with the BOP by pursuing a Central Office Administrative Remedy Appeal before filing this motion for compassionate release, the motion must be denied.

To the extent Defendant's motion is a request under the CARES Act, to serve the remainder of his term of imprisonment on home confinement, the Court is without authority to provide such relief.

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5210-12, revised provisions of the Second Chance Act of 2007, 18 U.S.C. § 3624(c)(1)-(2), which outlines a defendant's early release to a residential reentry program (halfway house) or to home confinement. On March 27, 2020, in response to emergency conditions caused by COVID-19,

Congress passed the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act did not alter the exclusivity of the BOP's authority to determine placement of prisoners, including placement in a halfway house or home confinement, see § 3624(c); rather, it granted the Attorney General emergency authority to alter the BOP's ability during the COVID-19 pandemic to "lengthen the maximum amount of time authorized for which *the Director is authorized to place a prisoner in home confinement . . . as the Director* determines appropriate," § 12003(b)(2), 134 Stat. 281, at 516 (emphasis added). Nothing in the CARES Act granted U.S. District Courts the authority to determine the placement of prisoners. See, e.g., United States v. Moore, Case No. 15-10132-01, 2020 WL 2061429, at *2 (D. Kan. Apr. 29, 2020) ("[T]he Court does not have jurisdiction to grant a request for home confinement pursuant to the CARES Act."); United States v. Berry, CRIMINAL NO. 18-430, 2020 WL 1984117, at *3 (M.D. Pa. Apr. 27, 2020) (same); United States v. Brown, CRIMINAL ACTION No. 12-20066-37, 2020 WL 1935053, at *2 (D. Kan. Apr. 22, 2020) (same); United States v. McCann, CRIMINAL NO. 13-52, 2020 WL 1901089, at *3 (E.D. Ky. Apr. 17, 2020) (same); United States v. James, Case No. 15-cr-255, 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020) (same).

For the reasons provided, Defendant's motion, ECF No. 36, must be **denied without prejudice**.[2]

**IT IS SO ORDERED.**

Dated this 9th day of September, 2020.

---

[2] Construing Defendant's request as a challenge to a term of confinement as a petition for habeas relief under 28 U.S.C. § 2241 would not change this result. "A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP. . . . If the BOP were to deny [Defendant]'s request, he could then seek review of the BOP's decision by filing a petition for writ of habeas corpus under § 2241 in the appropriate district court." Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009). Because administrative remedies have not been exhausted, even if the present motion were construed as a petition under § 2241, it would be premature and thus dismissed without prejudice. Id. Moreover, this is not the proper district to file a § 2241 petition as those petitions must be filed in the district where the prisoner is serving his sentence. Id.

_JAMES E. GRITZNER, Senior Judge_
U.S. DISTRICT COURT